38344.   WASHINGTON v. THE STATE.

CARLISLE, Judge.   1. Where the accusation charged the defendant with cheating and swindling in that he did make and draw a certain check dated November 7, 1958, and where upon the trial of the case the State offered in evidence a check bearing the date "Nov. 7, 198," which was in all other respects the same as that described in the accusation and which was admitted in evidence without objection by the defendant, such check thus offered in evidence appeared on its face to be ambiguous as to the date thereof.   Since

it bore the defendant's signature thereon and could not possibly have been executed by the defendant in the year 198, it was subject to parol explanation as to the meaning thereof, and where the witness for the State testified that the defendant did make and utter a check like that described in the accusation bearing the date of November 7, 1958, which testimony was admitted without objection, such testimony sufficiently explained the date appearing on the check introduced in evidence, and there was at most a mere conflict in the evidence which the jury was authorized to resolve in favor of the State. Under these circumstances, this court cannot say that there was such a fatal variance between the allegations and the proof as would require a ruling that the evidence did not authorize the verdict of guilty, especially where the defendant, in his statement, did not deny executing the check in question but merely stated that he executed it in payment of a bill for repairs to his automobile which had been made by the prosecuting witness intending the said check to operate as an "I.O.U." until he could pay the prosecutor. The evidence authorized the verdict of guilty. Cases holding that instruments materially varying in their details from the averments of the indictment or accusation were improperly admitted in evidence over a timely objection of the defendant, cited by the plaintiff in error in support of his contentions in this regard, do not require a ruling different from that now made.

2. The trial court did not err in charging the jury with respect to the defendant's statement that they should give it such weight and credit as they thought it deserved and to act upon it and accept it or any part *that they believed to be the truth,* and that they would be authorized to accept it in whole or in part in preference to the sworn testimony, *if they believed it to be the truth.* See *Allen v. State,* 194 Ga. 430 (2) (22 S. E. 2d 65); *Dowdell v. State,* 194 Ga. 578 (2) (22 S. E. 2d 310).

*Judgment affirmed. Gardner, P. J., Townsend and Frankum, JJ., concur.*

DECIDED JUNE 22, 1960—REHEARING DENIED JULY 7, 1960.

*Casey Thigpen,* for plaintiff in error.
*Thomas A. Hutcheson, Solicitor,* contra.